IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MEMC ELECTRONIC MATERIALS,** et al., | : : : | |
| Plaintiffs, | : : | Case No. 2:12-CV-344 |
| v. | : : | JUDGE ALGENON L. MARBLEY |
| **KARTHIK BALAKRISHNAN,** | : : : | Magistrate Judge Norah McCann King |
| Defendant. | : | |

## DISCOVERY OPINION AND ORDER

### I. INTRODUCTION

Plaintiffs MEMC Electronic Materials, Inc. and MEMC Pasadena, Inc. (collectively referred to as "MEMC" or "Plaintiffs") filed a Complaint and Application for a Temporary Restraining Order against Defendant Karthik Balakrishnan ("Balakrishnan" or "Defendant") on April 18, 2012.  (Doc. 1, 3.)  In the Application for a Temporary Restraining Order, MEMC sought to enjoin Balakrishnan from (1) violating his contractual obligations not to engage in certain competitive activities, and (2) using or disclosing MEMC's confidential, proprietary, and trade secret information, as set forth in an agreement Balakrishnan and MEMC entered into on or around August 10, 2009, in connection with his employment at MEMC.  Balakrishnan formerly served as a Director of Polysilicon Product Technology at MEMC in Pasadena, Texas, and now works Iosil Energy Corporation, allegedly a competitor of MEMC, as its Senior Vice President of Manufacturing and Engineering in Groveport, Ohio.  In the Complaint, MEMC alleges that

1

Balakrishnan left without formally informing MEMC of his planned departure, as well as under suspicious circumstances.

After holding a Local Rule 65.1 Conference where both parties had the opportunity to be heard, this Court granted Plaintiffs' Application for a Temporary Restraining Order, set bond, and set a date for the preliminary injunction hearing. (Doc. 8.) Balakrishnan thereafter filed an Unopposed Motion to Continue Preliminary Injunction Hearing and Extend Temporary Restraining Order, (Doc. 17), which this Court granted on April 30, 2012, (Doc. 19). The preliminary injunction hearing is set for May 30, 2012.

This matter is before the Court on Balakrishnan's Motion for an Order to Compel Plaintiffs' Deposition in Columbus, Ohio, ("Motion to Compel"). (Doc. 23.) During a telephonic status conference that took place on May 3, 2012, the parties represented to the Court that they were unable to resolve a discovery dispute related to the location of two depositions of MEMC witnesses who will testify at the preliminary injunction hearing. Because discovery is expedited in this case, (Doc. 10), the Court ordered Balakrishnan to submit support for his position by close of business that day, May 3, 2012 (which he did in the Motion to Compel), and Plaintiffs to do the same by close of business the next day, May 4, 2012.

According to Balakrishnan's Motion to Compel, the first witness at issue, Steve Wachnowsky, is the "Vice President and General Manager Polysilicon" at MEMC Electronic Material, Inc. (Doc. 1.) Wachnowsky works and resides in St. Peters, Missouri, which is in the St. Louis area. The second witness is a Federal Rule of Civil Procedure ("FRCP") 30(b)(6) witness who will testify as to the engineering and process technology aspects of Plaintiffs' case, and who Plaintiffs indicated to Balakrishnan is located in either St. Louis, Missouri or Houston, Texas. In their Memorandum in Opposition to Defendant's Motion to Compel Deposition of

Plaintiffs' Witnesses in Ohio, ("Memo in Opposition"), Plaintiffs indicate that they now anticipate the second witness will be Milind Kulkarni, who presently works at MEMC's headquarters in St. Louis, where he also resides.  MEMC also explains that Kulkarni is scheduled to move to India on May 19, 2012.  (Doc. 24.)

This Court has reviewed the parties' briefs, and for the reasons set forth below, hereby **DENIES** Balakrishnan's Motion to Compel.

## II. LAW AND ANALYSIS

FRCP 30(b)(1) states in pertinent part: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. *The notice must state the time and place of the deposition* and, if known, the deponent's name and address."  The default rule, therefore, is that the examining party "may set the place for the deposition of another party wherever he or she wishes subject to the power of the court to grant a protective order under Rule 26(c)(1)(B) designating a difference place."  Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2112 (3d ed. 2012).

Although the issue in this case is framed in Defendant's Motion to Compel, because FRCP 30(b)(1) permits the party noticing the deposition to initially select the place of the deposition, as Balakrishnan calls attention to, it is Plaintiffs who are actually seeking protection from Balakrishnan's location selection.  (Doc. 23); *see The Scooter Store, Inc. v. Spinlife.com, LLC*, No. 2:10-cv-18, 2011 WL 2118765, at *1 (S.D. Ohio May 25, 2011) (same procedural posture).  To do so, MEMC must demonstrate that good cause exists under FRCP 26(c)(1), namely, to protect them from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(b)(c)(1).  Moreover, "[a] motion for a protective order not to have a deposition at a particular site, or to compel deposition in a particular location, is considered by

3

reviewing three factors of the cost, convenience, and litigation efficiency of the designated locations." *The Scooter Store*, 2011 WL 2118765, at *2 (citing *Sloniger v. Deja*, No. 09-CV-858S, 2010 WL 5343184, at *5 (W.D.N.Y. Dec. 20, 2010)); *see Brockway v. Veterans Admin. Healthcare Sys.,* No. 3:10-cv-719, 2011 WL 1459592, at *5 (D. Conn. Apr. 15, 2011); *Buzzeo v. Board of Educ., Hempstead,* 178 F.R.D. 390, 393 (E.D.N.Y. 1998).

Both Wachnowsky and the FRCP 30(b)(6) witness are being deposed in their capacity as corporate officers or representatives of MEMC. (*See* Doc. 21 ("Defendant . . . will take the deposition of Steve Wachnowsky, Vice President/General Manager at MEMC Electronic Materials, Inc., in his capacity as an officer, director, and/or managing agent for Plaintiffs"), 22 ("the undersigned will take the deposition, . . . of the representative(s) of Plaintiffs' most knowledgeable about the following topics [related to MEMC]".) As a result, in addition to the factors listed above, this Court must also consider the presumption that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. *The Scooter Store*, 2011 WL 2118765, at *2 (citations omitted); *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 483 (10th Cir. 1995) (explaining that ordinarily, the deposition of a corporation by its agents should be done at its principal place of business). "This customary treatment is subject to modification, however, when justice requires." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 2112 (3d ed. 2012). District courts have great discretion in designating the location of taking a deposition. *Thompson v. Sun Oil Co.,* 523 F.2d 647, 648 (8th Cir. 1975) (per curiam); *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 97 (S.D.N.Y. 1968).

Therefore, mindful of these default rules, Plaintiffs' burden, and the fact that district courts have great discretion to determine the location of a deposition, this Court will now

4

consider the three relevant factors: cost, convenience, and litigation efficiency.  *See The Scooter Store*, 2011 WL 2118765, at *2.

### *A. Cost*

Balakrishnan argues that the cost factor should weigh in his favor because he is an individual being forced to defend this litigation with his own funds against MEMC, whereas MEMC is a global leader in its field with significant capital and assets.  Plaintiffs rebut that Balakrishnan has not alleged that he will be unable to bear the costs should the deposition occur outside of Columbus.  MEMC also points out that it would be more expensive to send its counsel and two witness to Columbus for a deposition than it would be for Defendant's counsel to travel to St. Louis.[1]

Neither party has alleged that it will be unable to bear the costs associated with these two depositions.  This Court is persuaded that the cost factor weighs in favor of MEMC, as it will be less expensive to send one or two attorneys to St. Louis to take depositions, than it will be to send one or two attorneys, and two witnesses, to Columbus to be deposed.

### *B. Convenience*

Balakrishnan argues that asking the corporate officers and representatives of MEMC to come to Columbus creates no undue inconvenience because the depositions will be limited to one day of seven hours, and Columbus is not a remote location from either Missouri or Texas. Moreover, as corporate officers or representatives, these witnesses are most likely familiar with business travel and have sufficient means to maintain contact with their workplace while away.

---

[1] In his Motion to Compel, Balakrishnan noted that MEMC's local Ohio counsel, Roetzel & Andress LPA, was trial counsel and would, therefore, be taking the depositions of the witnesses.  MEMC's Memo in Opposition clarifies that its trial counsel is Bryan Cave LLP, located in St. Louis, who will be taking all of the deposition.

MEMC argues that while it would not be cumbersome for counsel for Balakrishnan to travel to St. Louis to take the depositions, it would be inconvenient if Defendant were allowed to summon any number of MEMC's employees to Columbus simply through notice of deposition. MEMC also points out that Kulkarni, the witness MEMC anticipates identifying as its FRCP 30(b)(6) witness, is scheduled to move to India on May 19, 2012, and, as a result, traveling to Columbus for a deposition shortly prior to his international move would be incredibly inconvenient.

Factors relevant for this Court to consider when conducting the convenience analysis include: "any hardship to counsel, the residence of deponents, and the extent to which the witness' affair might be disrupted." *The Scooter Store*, 2011 WL 2118765, at *2 (citing *Devlin v. Transp. Commc'n Int'l Union*, No. 95-cv-0752, 2000 WL 28173, at *3 (S.D.N.Y. Jan. 14, 2000)). Again, it is more convenient to send one or two attorneys to St. Louis to take depositions, than it is to send one or two attorneys, and two witnesses, to Columbus to be deposed. Furthermore, both witnesses reside and work in the St. Louis area, and MEMC has indicated that Kulkarni's move to India would be disrupted if he were required to travel to Columbus shortly prior. This Court also notes that, to the extent the parties need to access any corporate documents during the depositions, it may be easier to access such documents in Missouri, where MEMC Electronic Materials, Inc.'s headquarters is located. The convenience factor, thus, weighs in favor of having the depositions in St. Louis.

### *C. Litigation Efficiency*

Finally, Balakrishnan argues that litigation efficiency weighs in his favor because Missouri and Texas are in different time zones than Ohio, which could affect the ability of the parties to involve the Court in deposition disputes as they happen. Plaintiffs rebut that a one hour time difference is insignificant, and the parties can certainly contact the Court via telephone

if necessary.  The Court agrees that the one-hour time difference is insignificant, and will be available by phone if necessary.

All of the factors weigh in favor of having the depositions in St. Louis.  The presumption that depositions of a corporation by its agents and officers should ordinarily be taken at its principal place of business reinforces this Court's conclusion.  *See The Scooter Store*, 2011 WL 2118765, at *2 (citations omitted); *Thomas*, 48 F.3d at 483.

### III. CONCLUSION

For the reasons stated above, Balakrishnan's Motion to Compel is **DENIED**.


**IT IS SO ORDERED.**

                                         s/ Algenon L. Marbley
                                         **Algenon L. Marbley**
                                         **United States District Judge**

**Dated: May 8, 2012**